**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

[additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW VAN HOOMISSEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>YUNJI INC., SHANGLUE XIAO, CHEN CHEN, HUAN HAO, QINGRONG KONG, YANHUA SUN, WEI YING, MORGAN STANLEY & CO. LLC, CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, AND TOP CAPITAL PARTNERS LIMITED,<br><br>    Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Matthew Van Hoomissen ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to

all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Yunji Inc. ("Yunji" or the "Company"), as well as media and analyst reports about the Company and Company press releases. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein.

## NATURE OF THE ACTION

1. Plaintiff brings this securities class action on behalf of persons who purchased or otherwise acquired Yunji securities, including its American Depository Shares ("ADSs"), pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with Yunji's May 2019 initial public stock offering (the "IPO" or "Offering"), seeking to recover compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act").

2. Yunji operates a social e-commerce platform in the People's Republic of China ("PRC"). Yunji's platform offers a range of product categories which cater various daily needs of users and their households, including beauty and personal care, household goods, food and fresh produce, computer and electronics, apparel, bags and cases, baby and maternity products, and home appliances.

3. In May 2019, Defendants held the IPO, issuing approximately 11 million ADSs to the investing public at $11 per ADS, pursuant to the Registration Statement.

4. At the commencement of this action, Yunji's ADSs are trading around $4.16 per ADS, significantly below the IPO price. As a result, investors were damaged.

## JURISDICTION AND VENUE

5. The claims alleged herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2) and 77o.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 22 of the Securities Act (15 U.S.C. §77v).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and §22(a) of the Securities Act (15 U.S.C. §77v(a)) as a significant portion of the Defendants' actions, and the subsequent damages took place within this District.

8. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange. Defendants disseminated the statements alleged to be false and misleading herein into this District, and Defendants solicited purchasers of Yunji securities in this District.

**PARTIES**

9. Plaintiff, as set forth in the accompanying certification incorporated by reference herein, purchased Yunji ADSs pursuant and/or traceable to the IPO and was damaged thereby.

10. Defendant Yunji operates a social e-commerce platform in the PRC. Yunji is a Cayman Islands corporation with principal executive offices located at 15/F, South Building, Hipark Phase 2, Xiaoshan District, Hangzhou 310000, Zhejiang Province, PRC. Yunji's ADSs are listed on NASDAQ under the ticker symbol "YJ."

11. Defendant Shanglue Xiao ("Xiao") was, at all relevant times, Yunji's Chairman of the Board of Directors and Chief Executive Officer. Defendant Xiao reviewed, contributed to, and signed the Registration Statement.

12. Defendant Chen Chen ("Chen") was, at all relevant times, Yunji's Chief Financial Officer. Defendant Chen reviewed, contributed to, and signed the Registration Statement.

13. Defendant Huan Hao ("Hao"), was, at all relevant times, a Director of Yunji. Defendant Hao reviewed, contributed to, and signed or caused to be signed the Registration Statement.

14. Defendant Qingrong Kong ("Kong") was, at all relevant times, a Director of Yunji. Defendant Kong reviewed, contributed to, and signed or caused to be signed the Registration Statement.

15. Defendant Yanhua Sun ("Sun") was, at all relevant times, a Director of Yunji. Defendant Sun reviewed, contributed to, and signed or caused to be signed the Registration Statement.

16. Defendant Wei Ying ("Ying") was, at all relevant times, a Director of Yunji. Defendant Ying reviewed, contributed to, and signed or caused to be signed the Registration Statement.

17. The Defendants named in ¶¶11-16 are referred to herein as the "Individual Defendants." The Individual Defendants each signed the Registration Statement or caused the Registration Statement to be signed on their behalf, solicited the investing public to purchase securities issued pursuant thereto, hired and assisted the underwriters, planned and contributed to the IPO and Registration Statement, and attended road shows and other promotions to meet with and present favorable information to potential Yunji investors, all motivated by their own and the Company's financial interests.

18. Defendant Morgan Stanley & Co. LLC is a financial services company that acted as an underwriter for Yunji's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Yunji securities issued pursuant thereto.

19. Defendant Credit Suisse Securities (USA) LLC is a financial services company that acted as an underwriter for Yunji's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Yunji securities issued pursuant thereto.

20. Defendant J.P. Morgan Securities LLC is a financial services company that acted as an underwriter for Yunji's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Yunji securities issued pursuant thereto.

21. Defendant China International Capital Corporation Hong Kong Securities Limited is a financial services company that acted as an underwriter for Yunji's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Yunji securities issued pursuant thereto.

22. Defendant Top Capital Partners Limited is a financial services company that acted as an underwriter for Yunji's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Yunji securities issued pursuant thereto. Top Capital Partners Limited is the legal name for "Tiger Brokers."

23. The Defendants named above in ¶¶18-22 are referred to herein as the "Underwriter Defendants." Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement as follows:

(a) The Underwriter Defendants are investment banking houses that specialize in, among other things, underwriting public offerings of securities. They served as the underwriters of the IPO and shared tens of millions of dollars in fees collectively. The Underwriter

Defendants arranged a multi-city roadshow prior to the IPO during which they, and representatives from Yunji, met with potential investors and presented highly favorable information about the Company, its operations and its financial prospects.

(b) The Underwriter Defendants also demanded and obtained an agreement from Yunji and the Individual Defendants that Yunji would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws. They also made certain that Yunji had purchased millions of dollars in directors' and officers' liability insurance.

(c) Representatives of the Underwriter Defendants also assisted Yunji and the Individual Defendants in planning the IPO, and purportedly conducted an adequate and reasonable investigation into the business and operations of Yunji, an undertaking known as a "due diligence" investigation. The due diligence investigation was required of the Underwriter Defendants in order to engage in the IPO. During the course of their "due diligence," the Underwriter Defendants had continual access to internal, confidential, current corporate information concerning Yunji's most up-to-date operational and financial results and prospects.

(d) In addition to availing themselves of virtually unlimited access to internal corporate documents, agents of the Underwriter Defendants met with Yunji's lawyers, management and top executives and engaged in "drafting sessions" between at least December 2017 and March 2018. During these sessions, understandings were reached as to: (i) the strategy to best accomplish the IPO; (ii) the terms of the IPO, including the price at which Yunji ADSs would be sold; (iii) the language to be used in the Registration Statement; what disclosures about Yunji would be made in the Registration Statement; and (v) what responses would be made to the SEC in connection with its review of the Registration Statement. As a result of those constant contacts and communications between the Underwriter Defendants' representatives and

Yunji's management and top executives, the Underwriter Defendants knew of, or in the exercise of reasonable care should have known of, Yunji's existing problems as detailed herein.

(e) The Underwriter Defendants caused the Registration Statement to be filed with the SEC and declared effective in connection with the offers and sales of securities registered thereby, including those to Plaintiff and the other members of the Class.

24. Yunji, the Individual Defendants and the Underwriter Defendants are referred to collectively as "Defendants."

## SUBSTANTIVE ALLEGATIONS

25. On March 21, 2019, Yunji filed with the SEC a registration statement on Form F-1, which, incorporating and in combination with subsequent amendments on Forms F-1/A and filed pursuant to Rule 424(b)(4), would be used for the IPO.

26. On April 30, 2019, Yunji filed its final amendment to the Registration Statement, which registered 11 million Yunji ADSs for public sale, representing 110 million Class A Ordinary Shares as each ADS represented ten Class A ordinary shares. The SEC declared the Registration Statement effective on May 2, 2019. On May 3, 2019, Defendants priced the IPO at $11 per ADS and filed the final Prospectus for the IPO on Form 424B4, which forms part of the Registration Statement. Through the IPO, Defendants issued and sold 11 million ADSs, pursuant to the Registration Statement.

27. The Registration Statement contained untrue statements of material fact and omitted material facts required to make the statements made not misleading.

28. The Registration Statement discussed the social e-commerce platform business model – a model that Yunji began to utilize in the first quarter of 2019, stating in part:

*Business model*

Social e-commerce platforms are the major players in China's social e-commerce market, defined as marketplaces that enables customers to conveniently browse, make purchases, share, promote and facilitate online transactions through their social networks by providing features such as IT infrastructure support, embedded marketing tools and content. These platforms can be further segmented by their business models into three types:

- *Membership-based model*, where one has to become a member of the platform before enjoying some member-exclusive rights.
- *Content-sharing model*, where customers' purchasing decisions are initiated by sharing experience, generating a discover-purchase-share loop.
- *Team purchase model*, where customers form a team to purchase products, typically at competitive prices, and are encouraged to invite others to join the team.

According to CIC, membership-based model has experienced the fastest growth among the abovementioned business models on social e-commerce platforms, with its market size growing from RMB0.9 billion in 2015 to RMB18.0 billion (US$2.6 billion) in 2017, representing a CAGR of 356.8%, and is expected to grow at a CAGR of 84.8% to RMB386.7 billion (US$56.3 billion) in 2022.



29. While addressing the Company' strategies and sale formats, the Registration Statement discussed Yunji's shift in its business model from selling directly to consumers to

beginning a marketplace platform to allow third-party sellers to utilize Yunji's platform, stating in part:

> In addition to our existing sales formats, we aim to further invest in other sales formats, such as our supermarket sales format. ***We believe this can further improve the shopping experience and help attract and retain more members and users. By leveraging our large user base and power of social networks, we have launched the marketplace business model since the first quarter of 2019, allowing third-party merchants to sell their products on our platform to our members and users.***
>
> \* \* \*
>
> ***To complement our existing direct sales business model, we have launched a marketplace business since the first quarter of 2019 whereby third-party merchants can sell products on our platform and pay us commissions on their sales.*** We believe this can help further expand our product offerings, improve the shopping experience, and attract and retain more members and users.

(Emphasis added).

30. The Registration Statement discussed the sale of merchandise and revenue, stating in relevant part:

> Sales of merchandise
>
> The Group primarily sells merchandise through its Yunji Apps. ***The Group presents the revenue generated from its sales of merchandise on a gross basis as the Group has control of the goods and has the ability to direct the use of goods to obtain substantially all the benefits.*** In making this determination, the Group also assesses whether it is primarily obligated in these transactions, is subject to inventory risk, has latitude in establishing prices, or has met several but not all of these indicators. The cash collected from the sales of merchandise is initially recorded in Deferred revenue in the Consolidated Balance Sheets and subsequently recognized as revenue when the receipt of merchandise is confirmed by the customers, which is the point that the title of the merchandise is transferred to the customer. The revenue is recorded net of value-added tax, discounts, coupons, incentives and return allowances. Return allowances are estimated based on historical experiences and updated at the end of each reporting period.

(Emphasis added).

31. The Registration Statement discussed "GMV," which is the total value of all orders paid and shipped for merchandise sold on the Company's platform. Yunji discussed the recent increase in GMV, stating in relevant part:

> Our GMV increased by 93.7% from RMB3.5 billion in the three months ended March 31, 2018 to RMB6.8 billion in the three months ended March 31, 2019, based on a total of 40.0 million orders fulfilled and 7.3 million buyers in the three months ended March 31, 2019. Our revenues did not grow as fast as our GMV during the same periods, mainly due to (i) the increased contribution of emerging brand and private label products to our GMV, for which members receive more referral incentives than from sales of mainstream brand products, and (ii) the increase in the sales of goods and services for which we recognize revenue on a net basis

32. The Registration Statement pointed to supply chain management as a factor leading to the Company's organic growth, stating in relevant part:

> We offer high-quality products at attractive prices and incentivize our members to promote our platform and share our products with their social contacts. ***We believe this, together with careful product curation, centralized merchandize sourcing and efficient supply chain management, has allowed us to grow organically and made us a trustworthy e-commerce platform providing superior customer experience.***
>
> * * *
>
> Our technology infrastructure enables us to accurately process and fulfill increasingly large numbers of orders at peak periods while maintaining processing speed and quality consistency, as well as powering full supply chain visibility and control. For example, we have adopted a micro-service architecture that is built on top of our technology infrastructure to support horizontal scaling at all times. We have also designed a complex transaction processing system and supply chain management system which can support the continued growth in our business.
>
> (Emphasis added.)

33. The Registration Statement continued to tout the importance of supply chain management on its business, stating in relevant part:

> **Our ability to manage product offerings and supply chain**

Our results of operations are also affected by whether we can successfully implement our product selection strategy and manage our product offerings. We offer broad coverage of product categories to cater to the various daily needs of our users and their households, but provide carefully curated items within each category to meet the preferences of our users. In December 2018, we offered an average of 6,613 SPUs on our platform on a daily basis, including products of mainstream brands, emerging brands and our own brands. ***While we will continue to work with reputable brand owners with good track records, we intend to broaden and deepen our cooperation with high-quality manufacturing partners to increase our offering of private label products.*** We review and continually monitor the performance of each SPU and supplier, and carefully manage the mix of products we offer, based on a number of metrics such as the preferences of users, revenue contribution and margin.

***We make continual efforts to maintain and improve an efficient cost structure and create incentives for our suppliers to provide us with competitive prices.*** As our business further grows in scale, we strive to obtain more favorable terms from suppliers, including pricing terms and volume-based rebates. ***In addition, we aim to create value for our suppliers by providing an effective channel for selling large volumes of their products online and by offering them comprehensive information on customer preferences and market demand and ensuring the high quality of fulfillment services. We believe this value proposition also helps us obtain favorable terms from suppliers.***

(Emphasis added.)

34. The statements contained in ¶¶ 25-33 were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Yunji was experiencing decreases in revenues as a result of its shifting to a marketplace business model; (2) disrupting its business relationships, Yunji would have to improve its operating efficiency and increase the commission rate it charges merchant partners; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

35. On August 22, 2019, Yunji issued a press release entitled, "Yunji Announces Second Quarter 2019 Unaudited Financial Results." The press release reported the Company's financial results for the second quarter ending June 30, 2019, stating in relevant part:

**Total revenues** in the second quarter of 2019 was RMB3,064.1 million (US$446.3 million), compared with RMB3,255.6 million in the same period of 2018, *primarily due to a decrease in revenues from sales of merchandise, which recognizes revenues on a gross basis, as the Company shifted part of merchandise sales to its marketplace platform, which recognizes revenues on a net basis.*

\* \* \*

"We maintained a healthy growth rate in the second quarter, as we continued to optimize and upgrade our new marketplace business model. We also adjusted our supplier agreements to improve our value proposition to members. As we continued to carefully select new brands and curate quality products at attractive prices that best match member demand, our membership base further expanded during the second quarter. We are confident that our operational progress and membership expansion will help drive our future growth," said Mr. Shanglue Xiao, Chairman and Chief Executive Officer of Yunji.

"*Since we initiated our marketplace business in early 2019, we have been fine tuning its business model. We plan to improve its operating efficiency in the coming quarters by gradually increasing the commission rate we charge our merchant partners*. We will also maintain a healthy level of working capital to meet the liquidity need in operation and commitment. By doing so, we are confident that we will be able to deliver sustainable shareholder return for the long haul," said Mr. Chen Chen, Chief Financial Officer of Yunji.

\* \* \*

**Total revenues** *was RMB3,064.1 million (US$446.3 million), compared with RMB3,255.6 million in the same period of 2018, which was primarily due to a decrease in revenues from sales of merchandise as the Company shifted part of merchandise sales to its marketplace platform.* The Company's marketplace platform recognizes revenues on a net basis and contributes to marketplace revenues, while its merchandise sales platform recognizes revenues on a gross basis and contributes to sales of merchandise, net.

- *Revenues from sales of merchandise, net decreased by 8.7% to RMB2,731.6 million (US$397.9 million) from RMB2,993.4 million in the same period of 2018, as part of merchandise sales shifted to the new marketplace platform, partially offset by positive revenue impact of the decrease of estimated refunds payable to members*7.

- Revenues from the membership program increased by 9.4% to RMB267.6 million (US$39.0 million) from RMB244.5 million in the same period of 2018, as membership base continued to grow.
- Revenues from the marketplace business was RMB53.0 million (US$7.7 million), compared with nil in the same period of 2018, as the Company launched the marketplace platform in the first quarter of 2019.
- ***Other revenues decreased by 32.9% to RMB11.9 million (US$1.7 million) from RMB17.7 million in the same period of 2018***.

(Emphasis added).

36. The price of Yunji's ADSs has plummeted since the IPO. Currently, Yunji's ADSs trade around $4.16 per ADS, a decline of approximately 62% from the IPO price.

37. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Yunji's ADSs, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action as a class action on behalf of all those who purchased Yunji securities pursuant and/or traceable to the Registration Statement (the "Class"). Excluded from the Class are Defendants and their families, the officers and directors and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

39. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Yunji or its transfer agent and may be

notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

40. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

41. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

42. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

 a) whether Defendants violated the Securities Act;

 b) whether the Registration Statement contained false or misleading statements of material fact and omitted material information required to be stated therein; and

 c) to what extent the members of the Class have sustained damages and the proper measure of damages.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Violations of Section 11 of the Securities Act Against All Defendants

44. Plaintiff incorporates all the foregoing by reference.

45. This Count is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

46. The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

47. Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

48. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

49. By reason of the conduct herein alleged, each Defendant violated or controlled a person who violated §11 of the Securities Act.

50. Plaintiff acquired Yunji ADSs pursuant to the Registration Statement.

51. At the time of their purchases of Yunji securities, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein.

52. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT II
### Violations of Section 12(a)(2) of the Securities Act Against All Defendants

53. Plaintiff incorporates all the foregoing by reference.

54. By means of the defective Prospectus, Defendants promoted, solicited, and sold Yunji ADSs to Plaintiff and other members of the Class.

55. The Prospectus for the IPO contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above. Defendants owed Plaintiff and the other members of the Class who purchased Yunji ADSs pursuant to the Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectus as set forth above.

56. Plaintiff did not know, nor in the exercise of reasonable diligence could Plaintiff have known, of the untruths and omissions contained in the Prospectus at the time Plaintiff acquired Yunji ADSs.

57. By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2). As a direct and proximate result of such violations, Plaintiff and the other members of the Class who purchased Yunji ADSs pursuant to the Prospectus sustained substantial damages in connection with their purchases of the shares. Accordingly, Plaintiff and the other members of the Class who hold the ADSs issued pursuant to the Prospectus have the right to rescind and recover the consideration paid for their shares, and hereby tender their ADSs to Defendants sued herein. Class members who have sold their ADSs seek damages to the extent permitted by law.

58. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the

exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT III
### Violations of Section 15 of the Securities Act Against the Individual Defendants

59. Plaintiff incorporates all the foregoing by reference.

60. This cause of action is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o against all Defendants except the Underwriter Defendants.

61. The Individual Defendants were controlling persons of Yunji by virtue of their positions as directors or senior officers of Yunji . The Individual Defendants each had a series of direct and indirect business and personal relationships with other directors and officers and major shareholders of Yunji . The Company controlled the Individual Defendants and all of Yunji's employees.

62. Yunji and the Individual Defendants were culpable participants in the violations of §§11 and 12(a)(2) of the Securities Act as alleged above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

63. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment and relief as follows:

A. declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

B. awarding damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

C. awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: November 15, 2019

THE ROSEN LAW FIRM, P.A.

By: /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
lrosen@rosenlegal.com

*Counsel for Plaintiff*

THE SCHALL LAW FIRM
Brian Schall, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel to Movant*